**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS C. MATHEWS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09-cv-07215 |
| | ) | |
| HOOVESTOL, INC. and | ) | |
| DARRELL L. BAHNDORF | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, LOUIS C. MATHEWS, by and through his attorneys, COPLAN & CRANE, LTD., and complaining of defendants, DARRELL L. BAHNDORF and HOOVESTOL, INC., states as follows:

**JURISDICTION AND VENUE**

1.       This is an action for negligence in the operation of a tractor trailer by defendant DARRELL L. BAHNDORF, a citizen of the State of Iowa, during the course of his employment for HOOVESTOL, INC., a Minnesota Corporation, which resulted in a motor vehicle collision with Plaintiff, LOUIS C. MATHEWS, a citizen of the State of Illinois, on November 20, 2008, in the City of Forest Park, County of Cook, State of Illinois.

2.       On November 20, 2008, Plaintiff, LOUIS C. MATHEWS, resided at 4800 S. Chicago Beach, apartment 603, in the City of Chicago, State of Illinois.

3.       On November 20, 2008, defendant DARRELL L. BAHNDORF resided at 1149 18th Avenue, in the City of Cedar Rapids, State of Iowa.

4.      On November 20, 2008, defendant, HOOVESTOL, INC. was a corporation registered to do business in the State of Minnesota, and had its registered office located at 3321 Mike Collins Drive, in the City of Eagan, State of Minnesota.

5.      The amount in controversy for this action exceeds $75,000.00.

6.      Jurisdiction of this Court is proper under 28 U.S.C. §1332(a)(1).

7.      Because the occurrence took place in Cook County, within the Northern District of Illinois, venue is proper in this district.

### COUNT I—NEGLIGENCE
### LOUIS C. MATHEWS v. DARRELL L. BAHNDORF

1.      On November 20, 2008, at approximately 4:00 p.m., Plaintiff LOUIS C. MATHEWS was operating his motor vehicle, a 2006 Buick Lucerne, in a western direction on a service drive at the rear of a Wal-Mart store, at its intersection with 1300 N. Des Plaines Avenue, in the City of Forest Park, State of Illinois.

2.      On November 20, 2008, defendant DARRELL L. BAHNDORF, was a driver of a semi tractor trailer owned by defendant, HOOVESTOL, INC., and was operating his semi tractor trailer in a western direction on a service drive at the rear of a Wal-Mart store, at its intersection with 1300 N. Des Plaines Avenue, in the City of Forest Park, State of Illinois.

3.      On November 20, 2008, Plaintiff LOUIS C. MATHEWS was at all times in the exercise of due care and caution for his own safety.

4.      On November 20, 2008, the semi tractor trailer operated by DARRELL L. BAHNDORF struck, collided with and/or contacted the motor vehicle being operated by Plaintiff LOUIS C. MATHEWS.

5.     That it was then and there the duty of Defendant, DARRELL L. BAHNDORF, to use reasonable care in the operation of the semi tractor trailer which he was driving so as not to cause injury to others, and to obey the statutes of the State of Illinois pertaining to the operation of all motor vehicles; but then notwithstanding said regard, defendant DARRELL L. BAHNDORF committed one or more of the following acts of negligence or omission, which directly and proximately caused injuries to the Plaintiff:

(a)     That the Defendant negligently and carelessly failed to keep a safe and proper lookout for other vehicles then and there rightfully upon said roadway;

(b)     That the Defendant negligently and carelessly drove his tractor trailer in such a manner as to cause it to strike the vehicle driven by Plaintiff;

(c)     That the Defendant negligently and carelessly maneuvered his tractor trailer into the path and lane of traffic Plaintiff was traveling and disregarded Plaintiff's space while making a right hand turn contrary to 625 ILCS 5/11-801(a);

(d)     That the Defendant negligently and carelessly maneuvered said tractor-trailer into the path and lane of traffic Plaintiff was traveling without first ascertaining that such movement could be made safely contrary to 625 ILCS 5/11-709(a);

(e)     That the Defendant failed to engage his turn signal in order to warn Plaintiff that the Defendant was changing lanes in order to execute a right hand turn in violation of 625 ILCS 5/11-804;

(f)     That the Defendant negligently and carelessly attempted to make a right hand turn in violation of 625 ILCS 5/11-801(a);

(g)     That the Defendant negligently and carelessly failed to stop his tractor trailer after being involved in a motor vehicle collision with Plaintiff's motor vehicle in direct violation of 625 ILCS 5/11-401(a) and 625 ILCS 5/11-402(a);

(h)     That the Defendant negligently and carelessly failed to stop his tractor trailer, render aid, or report the motor vehicle collision with Plaintiff in direct violation of 625 ILCS 5/11-403; 625 ILCS 5/11-406; and 625 ILCS 5/11-407;

(i)     Was otherwise negligent or careless;

6.      That as a direct and proximate result of the negligent acts and omissions of the Defendant, DARRELL L. BAHNDORF,  in  the operation of his semi tractor trailer, the vehicle which Plaintiff was driving was struck by the semi tractor trailer being driven by the Defendant, DARRELL L. BAHNDORF, thereby causing the injuries to the Plaintiff, which are hereinafter alleged.

7.      As a proximate result of Defendant's negligence, Plaintiff LOUIS C. MATHEWS was injured, and suffered and continues to suffer great pain and discomfort.  By reason of his injuries, the Plaintiff has incurred expenses, including lost wages and medical expenses for the care and treatment of his injuries and will incur medical expenses of said care and treatment in the future.

WHEREFORE, the Plaintiff, LOUIS C. MATHEWS, prays for a judgment against the Defendant, DARRELL L. BAHNDORF, in an amount in excess of $75,000.00 together with his costs of suit.

## COUNT II—NEGLIGENCE
## LOUIS C. MATHEWS v. HOOVESTOL, INC.

1-7.    Paragraphs 1-7 of Count I are hereby realleged and incorporated herein by reference as Paragraphs 1-7 of Count II.

8.      At the time of the occurrence herein, Defendant, DARRELL L. BAHNDORF, was an agent, servant, and/or employee of the Defendant, HOOVESTOL, INC., and was operating a tractor trailer owned by Defendant, HOOVESTOL, INC.

9.      Defendant, DARRELL L. BAHNDORF, was acting in the course and scope of his employment at the time of the occurrence.

WHEREFORE, the Plaintiff, LOUIS C. MATHEWS, prays for a judgment against the Defendant, HOOVESTOL, INC., in an amount in excess of $75,000.00 together with his costs of suit.

Respectfully submitted,

COPLAN & CRANE, LTD.

By: s/ Benjamin A. Crane
       Benjamin A. Crane

COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301-1046
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
Firm ID #41511